IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **HEATH ZACHARY,** | : CIVIL ACTION NO. 1:20-CV-2164 |
| Petitioner | : (Judge Conner) |
| v. | : |
| **DISTRICT ATTORNEY OF DAUPHIN COUNTY,** *et al.*, | : |
| Respondents | : |

**MEMORANDUM**

This is a habeas corpus case brought pursuant to 28 U.S.C. § 2254. Petitioner, Heath Zachary, challenges his 2018 conviction and sentence in the Dauphin County Court of Common Pleas for aggravated assault, conspiracy to commit aggravated assault, robbery, and conspiracy to commit robbery. We will deny the petition for writ of habeas corpus with prejudice.

**I.    Factual Background & Procedural History**

On June 18, 2017, Shirley Dilliplane was sitting at a restaurant in Harrisburg, Pennsylvania. Commonwealth v. Zachary, No. 1999 MDA 2018, 2019 WL 5549309, at *1 (Pa. Super. Ct. Oct. 28, 2019). Two men—one of whom was subsequently identified as Zachary—approached Dilliplane and tried to talk to her. Id. After several drinks, Dilliplane left the restaurant on foot. Id. She went down Market Street to Court Street and remembered being near a barber shop at the corner of Court Street and Walnut Street. Id. Her next memory was waking up at Hershey Medical Center with multiple facial breaks. Id.

Two teenagers who were walking home at the time of Dilliplane's assault testified that they witnessed the assault. Id. The first witness, A.L., testified that he saw a man holding a woman and that the woman was not moving. Id. A.L. testified that he saw the man slam the woman to the ground and punch her and that he saw the man's hands moving towards the woman's face. Id. A.L. ran over to help and noticed that one of the men was wearing a white shirt with shorts. Id. He testified that the other man grabbed the woman's purse and ran away while the man in the white shorts stood there. Id. A.L. was not subsequently able to identify Zachary, but he recognized Zachary's face. Id.

The second witness, D.R., testified that he saw one of the men "dropping the girl" and that it appeared that she was "falling from air." Id. D.R. went over to the woman and noticed that she was unconscious. Id. He noticed that there were two men, one of whom was standing over the victim and was wearing a white shirt and shorts. Id. D.R. testified that the man in the white shirt and shorts was trying to grab the woman's stuff and that the other man ran away. Id.

Several law enforcement officials responded to the scene of the assault and testified as to what they witnessed. Id. William Dorgan, an employee of Paragon Systems,[1] was the first to arrive on the scene. Id. He took Zachary into custody while the other man ran away. Id. Dorgan testified that Zachary was covered in blood and that Dorgan recognized A.L. and D.R. but that he had never had any

---

[1] "Paragon Systems contracts with the Department of Homeland Security to provide security services to government office buildings. Mr. Dorgan was patrolling the Ronald Reagan Federal Office Building in downtown Harrisburg." Id.

2

problems with them.  Id.  Officer Wesley Feduke of the Harrisburg City Police responded to the scene and noticed that Dilliplane had a swollen, bloody lip, that she was unconscious, that she was bleeding from her nose, and that her head was swollen.  Id.  Corporal Brian Henry of the Harrisburg City Police responded to the scene and stood next to Zachary.  Id.  Zachary repeatedly told Henry that he had not committed the assault, but when Henry asked him what happened, he stated that he had strangled and dropped Dilliplane.  Id.  Finally, Officer Nicholas Herbster of the Harrisburg City Police testified that he responded to the scene and subsequently took photographs of Zachary at the scene and Dilliplane at the hospital.  Id.

Zachary was charged with aggravated assault, conspiracy to commit aggravated assault, robbery, and conspiracy to commit robbery.  Id.  The case proceeded to a jury trial in the Dauphin County Court of Common Pleas, where the Commonwealth introduced the testimony of Dilliplane, A.L., D.R., Dorgan, Feduke, Henry, and Herbster.  Id.  The Commonwealth also introduced as evidence—during Herbster's testimony—photos of Zachary covered in blood, photos of Dilliplane's face after the assault, and Zachary's shirt from the date of the assault.  Id.

At the conclusion of trial, on September 26, 2018, Zachary was convicted of aggravated assault, conspiracy to commit aggravated assault, robbery, and conspiracy to commit robbery.  Id.  He was sentenced to an aggregate sentence of 72-144 months in prison on November 15, 2018.  Id.  Zachary appealed to the Pennsylvania Superior Court, arguing that there was insufficient evidence to convict him.  Id.  The Superior Court affirmed on October 28, 2019.  Id.  Zachary

filed a petition for state collateral relief under Pennsylvania's Post-Conviction Relief Act ("PCRA") on November 27, 2019, asserting that he received ineffective assistance of counsel.  See Commonwealth v. Zachary, No. CP-22-CR-0004128-2017 (Dauphin Cty. Nov. 27, 2019).  The PCRA petition was dismissed on August 25, 2020.  (Id.)  Zachary did not appeal the dismissal.  (Id.)

Zachary initiated the present case through the filing of a petition for writ of habeas corpus under 28 U.S.C. § 2254 in the United States District Court for the Eastern District of Pennsylvania on November 2, 2020, which the court received and docketed on November 6, 2020.  (Doc. 2).  Zachary did not raise any specific grounds for habeas corpus relief in the petition.  (Id.)  Instead, he wrote "N/A" in the space where his claims for habeas corpus relief would ordinarily be written.  (See id. at 5, 7, 9-10).  The Eastern District transferred the petition to this district on November 18, 2020.  (Doc. 5).  Respondents responded to the petition on May 10, 2021.  (Doc. 10).

Zachary filed an amended petition without leave of court on September 10, 2021, which the court received and docketed on September 15, 2021.  (Doc. 11).  Zachary argues in the amended petition that there was insufficient evidence to support his convictions and that his counsel provided ineffective assistance by failing to object when all African American jurors were stricken from the venire.  (Id.)  Respondents responded to the amended petition on October 4, 2021.  (Doc. 13).  Respondents argue that Zachary's sufficiency of evidence claims should be denied on their merits and that his ineffective assistance of counsel claim is procedurally defaulted.  (Id.)

On October 22, 2021, Zachary filed a motion to require respondents to supplement the record before the court. (Doc. 14). We granted the motion on June 22, 2022, and ordered respondents to file transcripts of Zachary's trial and jury selection. (Doc. 18). Respondents filed a trial transcript on June 22, 2022 but did not file a transcript of jury selection. (See Doc. 19). In light of respondents' failure to file a transcript of jury selection or indicate that such transcript did not exist, Zachary moved for spoliation sanctions on August 8, 2022. (Doc. 20). Zachary argues the court should presume that the transcript of jury selection would support his argument that all African American jurors were stricken from the venire. (Id.)

### III.   Discussion

At the outset, we note that Zachary did not comply with the Federal Rules of Civil Procedure prior to amending his petition. Amendment of habeas corpus petitions is governed by Federal Rule of Civil Procedure 15. Mayle v. Felix, 545 U.S. 644, 649, 655 (2005). Rule 15 allows amendment once as a matter of course within 21 days after service of the petition or 21 days after service of a response to the petition. FED. R. CIV. P. 15(a)(1). In all other cases, the petition may only be amended with the opposing party's written consent or leave of the court. FED. R. CIV. P. 15(a)(2); Mayle, 545 U.S. at 663. Zachary did not seek leave of court or obtain respondents' consent prior to filing his amended petition as required by Rule 15(a)(2), and the time for him to amend the petition as of right under Rule 15(a)(1) had long passed. We will nevertheless accept the amendment as properly filed despite the failure to comply with Rule 15 because Zachary is proceeding *pro se* and because respondents have responded to the substance of the amended petition.

5

**A.     Procedural Default**

Turning to the claims raised in the amended petition, we first consider Zachary's ineffective assistance of counsel claim and respondents' contention that the claim is procedurally defaulted.  Before seeking habeas corpus relief in federal court, a state prisoner must exhaust his remedies in state court.  28 U.S.C. § 2254(b)(1)(A); O'Sullivan v. Boerckel, 526 U.S. 838, 842 (1999).  To do so, the petitioner must "give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process."  O'Sullivan, 526 U.S. at 842.

Habeas corpus claims are procedurally defaulted when either (a) the claims have not been exhausted and no additional state remedies are available under state procedural rules or (b) the claims were presented in state court but were not addressed on their merits because an independent and adequate state procedural rule barred review on the merits.  Rolan v. Coleman, 680 F.3d 311, 317 (3d Cir. 2012).

Federal courts may not consider procedurally defaulted claims unless the petitioner "can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice."  Coleman v. Thompson, 501 U.S. 722, 750 (1991).  Petitioners may establish a fundamental miscarriage of justice if they can make a credible showing of actual innocence.  Reeves v. Fayette SCI, 897 F.3d 154, 160 (3d Cir. 2018).

Zachary's ineffective assistance of counsel claim is procedurally defaulted.  He raised the claim in PCRA proceedings before the Court of Common Pleas but

failed to appeal the claim to the Superior Court, see (Doc. 11 at 12); Zachary, No. CP-22-CR-0004128-2017, and the deadline for filing an appeal has expired under Pennsylvania procedural rules. See PA. R. APP. P. 903. Zachary acknowledges that the claim is procedurally defaulted, but he asserts that the default was caused by the "ineffectiveness of PCRA counsel." (Doc. 11 at 12).

Under Martinez v. Ryan, 566 U.S. 1, 17 (2012), ineffectiveness of PCRA counsel may excuse procedural default in some circumstances. But those circumstances are not present here. The procedural default occurred when Zachary failed to appeal the dismissal of his PCRA petition, and Martinez does not apply when a claim is procedurally defaulted in a collateral appeal. Norris v. Brooks, 794 F.3d 401, 405 (3d Cir. 2015). Hence, we will deny Zachary's ineffective assistance of counsel claim as procedurally defaulted.

Zachary's motion for spoliation sanctions will be denied as moot in light of the procedural default of his ineffective assistance of counsel claim. The motion seeks sanctions based on respondents' failure to file a transcript of jury selection, but jury selection was only relevant to Zachary's ineffective assistance of counsel claim. His remaining claims do not implicate the jury selection process in any way.

**B.   Merits**

Zachary's remaining claims assert that there was insufficient evidence to support his convictions. These claims were decided on their merits in state court and are accordingly governed by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), which states in relevant part:

> **(d)** An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim—
>
> **(1)** resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> **(2)** resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d). The Superior Court in this case adopted the opinion of the Court of Common Pleas as its own, so we review the opinion of the Court of Common Pleas as the last reasoned opinion addressing the merits of the claims. See Blystone v. Horn, 664 F.3d 397, 417 n.15 (3d Cir. 2011) ("Where a lower state court opinion 'represents the state courts' last reasoned opinion on the relevant issue,' we 'look through' the higher state court-opinion and apply § 2254(d)'s standards to the 'highest reasoned opinion.'" (internal alterations omitted) (quoting Bond v. Beard, 539 F.3d 256, 289-90 (3d Cir. 2008))).

The standard for obtaining habeas corpus relief under AEDPA is "difficult to meet." Mays v. Hines, 592 U.S. __, 141 S. Ct. 1145, 1149 (2021) (quoting Harrington, 562 U.S. at 102). Federal habeas corpus relief is meant to guard against "extreme malfunctions in the state criminal justice systems" and is not meant to substitute for "ordinary error correction through appeal." Harrington, 562 U.S. at 102-03 (citing Jackson v. Virginia, 443 U.S. 307, 332 n.5 (1979) (Stevens, J. concurring in judgment)). "Federal habeas courts must defer to reasonable state-court decisions," Dunn v. Reeves, 594 U.S. __, 141 S. Ct. 2405, 2407 (2021), and may only

8

grant habeas corpus relief when the state court's decision "was so lacking in justification" that its error was "beyond any possibility for fair minded disagreement." Mays, 141 S. Ct. at 1149 (quoting Harrington, 562 U.S. at 102).

Federal habeas courts considering sufficiency of evidence claims must view the evidence in the light most favorable to the prosecution and determine whether "*any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." Jackson, 443 U.S. at 319. The court must look to state law to determine the substantive elements of the offense. Coleman v. Johnson, 566 U.S. 650, 655 (2012) (quoting Jackson, 443 U.S. at 324 n.16). When the claim has been decided on its merits in state court, the federal court must be doubly deferential: the jury's verdict may only be set aside if no rational finder of fact could have reached the same verdict and the state court decision upholding the jury verdict may only be disturbed if it is objectively unreasonable. Lambert v. Warden Greene SCI, 861 F.3d 459, 467 (3d Cir. 2017) (citing Coleman, 566 U.S. at 650).

Zachary's aggravated assault charge was brought under 18 Pa.C.S. § 2702, which states that a person is guilty of aggravated assault if he "attempts to cause serious bodily injury to another, or causes such injury intentionally, knowingly or recklessly under circumstances manifesting extreme indifference to the value of human life." 18 Pa.C.S. § 2702(a)(1). His robbery charge was brought under 18 Pa.C.S. § 3701(a)(1)(i), which provides that a person commits robbery when "in the course of committing a theft" he "inflicts serious bodily injury upon another." 18 Pa.C.S. § 3701(a)(1)(i). His conspiracy charges were brought under 18 Pa.C.S. § 903, which requires proof that the defendant "(1) entered an agreement to commit or aid

9

in an unlawful act with another person or persons, (2) with a shared criminal intent and, (3) an overt act was done in furtherance of the conspiracy." Commonwealth v. Chambers, 188 A.3d 400, 410 (Pa. 2018) (quoting Commonwealth v. Rios, 684 A.2d 1025, 1030 (Pa. 1996)).

The Court of Common Pleas found that there was sufficient evidence to support Zachary's convictions for aggravated assault and conspiracy to commit aggravated assault. The court reasoned as follows:

> [T]here was ample testimony provided to show that the victim sustained a serious bodily injury to her face. The victim testified that the Defendant and another male had tried to come after her while she was at the bar. After the victim left the bar, the Defendant and an unidentified male proceeded to follow the victim. The next thing the victim remembers is waking up at Hershey Medical Center. There was a group of young men who witnessed the assault and tried to help. Two young men witnessed the Appellant dropping the victim and punching her. These juveniles also witnessed an unidentified male run away from the scene with the victim's purse. When local law enforcement arrived, the victim was unconscious and had to be transported to the hospital. The Appellant was apprehended at the scene and was covered in blood while his co-conspirator fled the scene. The evidence suggest that the Appellant and another unidentified male targeted the victim in Alva Bar and Restaurant, followed her out of the bar, assaulted her leaving her badly injured and stole her purse while the victim was walking to a friend's apartment. Accordingly, there was sufficient evidence to establish the elements of aggravated assault and conspiracy to commit aggravated assault and the jury properly returned a guilty verdict.

Zachary, 2019 WL 5549309, at *1. The court further found the evidence at trial sufficient to convict Zachary of robbery and conspiracy to commit robbery:

> Here, the victim testified that while she was at the bar, with her purse clearly visible, two men tried to "accost" or come onto her. She then proceeded to leave the bar and the next thing she remembers is waking up in the hospital. However, a group of young men were walking by and noticed one male assaulting the victim (later identified as the Appellant) while the other male took the victim's purse and ran

10

> away. The jury was able to conclude from the facts presented that these two gentlemen saw the victim at the bar and connived a plan to follow the victim, beat her, and steal her purse. Therefore, the evidence presented at trial is sufficient beyond a reasonable doubt to sustain the conviction of robbery and conspiracy to commit robbery. Appellant acting as principal or accomplice, planned to commit a theft of the victim's personal items, and in the attempt of committing said theft, inflicting serious bodily injury on the victim.

(Id.)

Under AEDPA, we may only grant habeas corpus relief if the state court's decision was contrary to clearly established federal law, unreasonably applied clearly established federal law, or was based on an unreasonable determination of the facts. 28 U.S.C. § 2254(d). When reviewing sufficiency of evidence claims, we must view the evidence in the light most favorable to the prosecution and determine whether "*any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." Jackson, 443 U.S. at 319.

We find that the state court justifiably denied Zachary's sufficiency of evidence arguments based upon the ample record evidence of his criminal conduct, and that its determination was not contrary to federal law. As the state court noted, Zachary and his co-assailant were observed by multiple witnesses accosting the victim in a restaurant, following her out of the restaurant, physically dropping her, punching her, and stealing her purse. The state court decision that this evidence was sufficient to convict Zachary of aggravated assault, conspiracy to commit aggravated assault, robbery, and conspiracy to commit robbery was quite reasonable and certainly not contrary to clearly established federal law. We will accordingly deny habeas corpus relief.

**IV.     Conclusion**

We will deny the amended petition (Doc. 11) for writ of habeas corpus with prejudice. A certificate of appealability will not issue because no reasonable jurist would disagree with this ruling or conclude that the issues presented are adequate to deserve encouragement to proceed further. Buck v. Davis, 580 U.S. __, 137 S. Ct. 759, 773 (2017) (citing Miller-El v. Cockrell, 537 U.S. 322, 336 (2003)). The motion for spoliation sanctions will be denied as moot. An appropriate order shall issue.

/S/ CHRISTOPHER C. CONNER
Christopher C. Conner
United States District Judge
Middle District of Pennsylvania

Dated:     September 27, 2022